A-12-665248-C

XXXII

# CIVIL COVER SHEET

Clark County, Nevada

Case No. _____
*(Assigned by Clerk's Office)*

## I. Party Information

Plaintiff(s) (name/address/phone): Phuong Tran

Attorney (name/address/phone):
Edward S. Coleman, Coleman Law Associates,
8275 S. Eastern Avenue, Suite 200, Las Vegas, Nevada 89123
702-699-9000

Defendant(s) (name/address/phone): Quality Loan Service Corp., Mortgage Electronic Registration Systems, Inc., Ocwen Loan Servicing, LLC, GSAMP Trust 2005-WMC1, WMC Mortgage Corporation, Deutsche Bank National Trust

Attorney (name/address/phone):

## II. Nature of Controversy (Please check applicable bold category and applicable subcategory, if appropriate)

☐ **Arbitration Requested**

### Civil Cases

| Real Property | Torts |
|---|---|

**Real Property**

☐ **Landlord/Tenant**
  ☐ Unlawful Detainer
☒ **Title to Property**
  ☐ Foreclosure
  ☐ Liens
  ☐ Quiet Title
  ☒ Specific Performance
☐ **Condemnation/Eminent Domain**
☐ **Other Real Property**
  ☐ Partition
  ☐ Planning/Zoning

**Torts**

Negligence
☐ **Negligence – Auto**
☐ **Negligence – Medical/Dental**
☐ **Negligence – Premises Liability**
  (Slip/Fall)
☐ **Negligence – Other**

☐ **Product Liability**
  ☐ Product Liability/Motor Vehicle
  ☐ Other Torts/Product Liability
☐ **Intentional Misconduct**
  ☐ Torts/Defamation (Libel/Slander)
  ☐ Interfere with Contract Rights
☐ **Employment Torts** (Wrongful termination)
☐ **Other Torts**
  ☐ Anti-trust
  ☐ Fraud/Misrepresentation
  ☐ Insurance
  ☐ Legal Tort
  ☐ Unfair Competition

**Probate**

☐ **Summary Administration**
☐ **General Administration**
☐ **Special Administration**
☐ **Set Aside Estates**
☐ **Trust/Conservatorships**
  ☐ Individual Trustee
  ☐ Corporate Trustee
☐ **Other Probate**

**Other Civil Filing Types**

☐ **Construction Defect**
  ☐ Chapter 40
  ☐ General
☐ **Breach of Contract**
  ☐ Building & Construction
  ☐ Insurance Carrier
  ☐ Commercial Instrument
  ☐ Other Contracts/Acct/Judgment
  ☐ Collection of Actions
  ☐ Employment Contract
  ☐ Guarantee
  ☐ Sale Contract
  ☐ Uniform Commercial Code
☐ **Civil Petition for Judicial Review**
  ☐ Other Administrative Law
  ☐ Department of Motor Vehicles
  ☐ Worker's Compensation Appeal

☐ **Appeal from Lower Court** (*also check applicable civil case box*)
  ☐ Transfer from Justice Court
  ☐ Justice Court Civil Appeal
☐ **Civil Writ**
  ☐ Other Special Proceeding
☐ **Other Civil Filing**
  ☐ Compromise of Minor's Claim
  ☐ Conversion of Property
  ☐ Damage to Property
  ☐ Employment Security
  ☐ Enforcement of Judgment
  ☐ Foreign Judgment – Civil
  ☐ Other Personal Property
  ☐ Recovery of Property
  ☐ Stockholder Suit
  ☐ Other Civil Matters

## III. Business Court Requested (Please check applicable category; for Clark or Washoe Counties only.)

☐ NRS Chapters 78-88
☐ Commodities (NRS 90)
☐ Securities (NRS 90)

☐ Investments (NRS 104 Art. 8)
☐ Deceptive Trade Practices (NRS 598)
☐ Trademarks (NRS 600A)

☐ Enhanced Case Mgmt/Business
☐ Other Business Court Matters

1-16-12

*Edward S. Coleman*

Nevada AOC – Planning and Analysis Division

Form PA 201
Rev. 2.3E

EXHIBIT A
PAGE 1 OF 39

Electronically Filed
07/17/2012 10:12:40 AM

CLERK OF THE COURT

1  COM
Edward S. Coleman, Esq., NV Bar No. 000601
2  Coleman Law Associates, a Professional Law Corporation
8275 S. Eastern Avenue, Suite 200
3  Las Vegas, NV 89123
Tel (702) 699-9000
4  Fax (702) 699-9006
email: mail@coleman4law.com
5
Attorneys for Plaintiff
6
                    **DISTRICT COURT OF**
7
                 **CLARK COUNTY, NEVADA**
8

| | |
|---|---|
| 9  **PHUONG TRAN,** | Case No. A-12-665248-C |
| 10                    Plaintiff, | Dept. No. XXXII |
| 11  vs. | |
| 12  **QUALITY LOAN SERVICE CORPORATION, a** California corporation, | **COMPLAINT** |
| 13  **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** corporation, **OCWEN LOAN SERVICING, LLC,** | |
| 14  **GSAMP Trust 2005-WMC1,** a trust, **WMC MORTGAGE CORPORATION, a** corporation, | (Exempt From Arbitration: Damages in Excess pf $50,000.00) |
| 15  **DEUTSCHE BANK NATIONAL TRUST COMPANY,** | |
| 16  **Does 1 -10 inclusive,** | |
| 17                    Defendants. | |
| 18 | |

19
20     Plaintiff, PHUONG TRAN, complains of Defendants and alleges:

21                   **GENERAL FACTUAL ALLEGATIONS**

22        1.     Plaintiff is a resident of Clark County, Nevada, residing at 522 Kavanaugh Place,

Las Vegas, Nevada 89123 (herein "the property"), her primary residence.  On or about June 5,
23
2005, Plaintiff acquired the property by grant deed from her brother, Thuan Tran.  At that time,
24
the property Plaintiff executed a promissory note and deed of trust (herein collectively referred
25
to as "the loan documents") in favor of  WMC Mortgage Corporation, and thereby encumbered
26
the property.
27
        2.         Defendant Quality Loan Servicing Corporation is a California corporation which
28
                                        Page 1

EXHIBIT A
PAGE 2 OF 39

1  purports to be the trustee of the referenced deed of trust securing the loan encumbering the

2  property for the benefit of one or more other named defendants.  Said defendant is herein

3  referred to simply as "Quality."

4      3.      Defendant Mortgage Electronic Registration Systems, Inc., herein referred to

5  as "MERS," is a fictitious creature created by a consortium of banks in the United States,

6  without any interest or standing in the transactions the subject of this suit. On or about June 17,

7  2005, MERS, purported to assign the said deed of trust to Washington Mutual Bank.  Whether

8  or not MERS also purported to assign all of the loan documents is unknown to Plaintiff.

9      4.      Defendant Ocwen Loan Servicing, LLC, believed to be a limited liability

10  company organized in the State of Florida, purports to be the "servicer" of the said loan secured

11  by the property.  Said defendant is herein referred to simply as "Ocwen."

12      5.      Defendant GSAMP Trust 2005-WMC1 is purported to be the beneficiary of the

13  said deed of trust.  Plaintiff is uncertain as to its domicile, but is informed and believes that said

14  defendant is a trust representing numerous investors.  Said defendant is herein referred to as

15  "GSAMP."

16      6.      Defendant WMC Corporation, which was the purported holder of the said deed

17  of trust in June of 2005, is a corporation whose place of domicile is unknown to Plaintiff, but

18  who initially assigned its rights in the said deed of trust to GSAMP.  Thereafter, notwithstanding

19  its initial assignment of the deed of trust to GSAMP, on or about May 17, 2012, WMC

20  apparently assigned the said deed of trust to defendant Deutsche.

21      7.      Defendant Deutsche Bank National Trust Company is believed by Plaintiff to be

22  an affiliate of Deutsche Bank, a foreign corporation which purports to be the current beneficiary

23  of said deed of trust.  Said defendant is herein referred to as "Deutsche."

24      8.      Defendants named herein as Does 1-10 inclusive, , whether individual, corporate,

25  associate or otherwise, are presently unknown to Plaintiff who therefore sues said parties by

26  such fictitious names; Plaintiff is informed and believes and thereon alleges that each of the

27  parties so designated is responsible in some manner for the events and occurrences referred to

Page 2

28

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000  Facsimile (702) 699-9006

EXHIBIT A
PAGE 3 OF 39

1  herein as alleged and when their true names and capacities have been ascertained, Plaintiff will

2  ask leave of court to amend this complaint to specify the true names and capacities of said

3  defendants.

4       9.     A print-out from the Office of the County Recorder of Clark County, Nevada

5  concerning the title and recorded transactions affecting the property is marked Exhibit "1,"

6  attached hereto and incorporated herein by reference.

7       10.    The County Recorder's record indicates that on July 27, 2010, Defendant Quality

8  recorded a Notice of Default and Election to sell the property, presumably giving said notice to

9  Plaintiff. However, at that time Quality had no standing with regard to said deed of trust.

10  Thereafter, on August 12, 2010, MERS purportedly assigned the trusteeship of said deed of trust

11  to Quality. By reason of its lack of capacity to give or record the said Notice of Default, the same

12  had no legal effect.

13       11.    Notwithstanding the defective notice, as alleged in the preceding paragraph, on

14  November 3, 2010, Quality obtained a Certificate from the Nevada Mediation Administrator

15  allowing foreclosure of the property.

16       12.    On April 30, 2011, Quality recorded a Notice of Sale pursuant to the Notice of

17  Default recorded on July 27, 2010, however did not go forward with such a sale. On April 30,

18  2012 Quality issued a new Notice of Sale which it continued until June 4, 2012.

19       13.    On May 17, 2012, WMC Mortgage purported to assign the said deed of trust to

20  Deutsche although it (WMC) had previously recorded an assignment of the deed of trust to

21  defendant GSAMP.

22                       **FIRST CAUSE OF ACTION**

23       14.    Plaintiff realleges each and all of the allegations contained in above paragraphs 1

24  through 13 inclusive.

25       15.    By reason of the recordings referred to above, the chain of title to the purported

26  deed of trust is uncertain, ambiguous and unintelligible. Plaintiff is thereby unable to determine

27  which of the defendants, if any is the lawful trustee of the deed of trust encumbering the property,

                          Page 3

28

EXHIBIT A
PAGE 4 OF 39

1  nor is Plaintiff able to determine which of the defendants is the lawful beneficiary of said deed of

2  trust.  Accordingly, if Plaintiff were to attempt to cure any default, to whom would Plaintiff pay?

3      16.    In an attempt to ascertain the lawful ownership of "the loan," counsel for Plaintiff

4  wrote Quality, who had referred counsel to Ocwen as its direct superior, in a letter marked Exhibit

5  "2," which is attached hereto and incorporated herein by reference.

6      17.    In response to Exhibit '2," Ocwen wrote to Plaintiff's counsel by letter dated May

7  16, 2012, that it was the "servicer " of the loan, (whatever that may mean) and that defendant

8  GSAMP was the beneficiary for the benefit of various investors.  A copy of said response letter is

9  marked Exhibit "3," attached hereto and incorporated herein by reference.

10     18.    By reason of the failure of either defendant Quality or Ocwen to competently

11 respond Exhibit "2," Plaintiff's counsel again wrote requesting information in an attempt to

12 ascertain the underlying facts in order to properly apply Nevada law to the various transactions

13 appearing of record.  A copy of that letter, dated May 23, 2012, is marked Exhibit "4," attached

14 hereto and incorporated herein by reference.

15     19.    By reason of NRS 40. 459 and NRS 40.462, the beneficiary of the referenced deed

16 of trust, whomsoever that may be, is entitled to only that sum paid by the beneficiary for the

17 promissory note and accompanying deed of trust securing said note.  In spite of Plaintiff's demand

18 that either the alleged servicing company, trustee of the deed of trust and/or beneficiary disclose

19 the amount of consideration paid by whomsoever the beneficiary turns out to be, Plaintiff has

20 been "stonewalled" by failure and refusal of said defendants to disclose the consideration paid for

21 the purported assignment of said loan documents.

22     20.    The only response given by any defendant appears to be the recorded assignment

23 by WMC to Deutsche on May17, 2012 as pleaded in paragraph 6 above.

24     21.    By reason of the foregoing, Plaintiff is entitled to obtain declaratory relief in order

25 to know her rights and obligations as well as to ascertain the obligations of whomsoever is the

26 trustee and/or beneficiary of the said deed of trust encumbering the property.

27 /////

28

Page 4

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

**SECOND CAUSE OF ACTION**

22.   Plaintiff realleges each and all of the allegations contained in above Paragraphs 1 through 21 inclusive.

23.   Each and all of Defendants, Quality Loan Servicing Corporation, Mortgage Electronic Registration Systems, Inc., WMC Mortgage Corporation and Deutsche Bank National Trust Company, have taken advantage of the laws of the State of Nevada in that they have, and are doing business in Nevada.

24.   Plaintiff is informed and believes, and thereupon alleges, that each and all of said defendants have sought and now claim to function under the laws of Nevada with regard to the foreclosure process as provided in Chapter 107 of Nevada Revised Statutes.  Said defendants have thereby claimed the protection and standing afforded by the laws of Nevada, however, none of the said defendants is registered in the Office of the Secretary of State of Nevada, nor are they licensed to do business in Nevada.

25.   By reason of the foregoing allegations, none of the afore-named defendants have standing to give notices (e.g. Notice of Default and Election to Sell under a deed of trust, Notice of Sale, etc.) to institute or carry out any foreclosure process, and in particular, to act under or pursuant to the laws of Nevada concerning the subject property.

**THIRD CAUSE OF ACTION**

26.   Plaintiff realleges each and all of the allegations contained in above Paragraphs 1 through 25 inclusive.

27.   As a requirement of foreclosure of Plaintiff's primary residence, pursuant to NRS 107.086, Plaintiff was entitled to seek mediation with whomsoever was and/or is the lawful holder of the beneficial interest in the said deed of trust.  When the Notice of Default recorded by Quality was received by Plaintiff, it did not contain and Election or Waiver of the Right to Mediate as required by that statute and the Foreclosure Mediation Rules (FMR) established by the Nevada Supreme Court.

28.   Plaintiff resides in the property with her husband, two children and aged mother

Page 5

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

1  and foreclosure will cause great inconvenience and disruption to Plaintiff and her family.

2      29.    By reason of the foregoing, the scheduled foreclosure sale is unlawful and unless

3  judicially restrained and preliminarily and permanently enjoined, may result in an unlawful

4  foreclosure, all to Plaintiff's damage in an amount not ascertainable at this time.

5                          **FOURTH CAUSE OF ACTION**

6      30.    Plaintiff realleges each and all of the allegations contained in Paragraphs 1  through

7  29 inclusive.

8      31.    The covenants of good faith and fair dealing are implied in every contract made or

9  to be performed in Nevada.  Said covenants were breached by Defendants in that Defendants have

10 defrauded Plaintiff by confusing the chain of title of the ownership of the said deed of trust, the

11 party to whom loan payments were made and whether or not the notice of default and election to

12 sell was properly given to Plaintiff as required by law, and thereby dealt unfairly and in bad faith

13 vis-a-vis Plaintiff.

14     32.    By reason of the breach of the Covenant of Good Faith and Fair Dealing, Plaintiff

15 is entitled to compensatory damages in excess of $10,000.00, and punitive damages in such sum

16 as the trier of fact deems appropriate to punish defendants and set an example thereof.

17                          **FIFTH CAUSE OF ACTION**

18     33.    Plaintiff realleges each and all of the allegations contained in above Paragraphs 1

19 through 32 inclusive.

20     34.    Plaintiff alleges that, assuming that the Notice of Default and Election To Sell

21 recorded on July 27, 2010 was lawful, which Plaintiff contests as being unlawful in that the

22 provider of said Notice (Quality) had no standing pursuant to the said deed of trust, then the legal

23 effect of the same had lapsed due to the length of time between its recording, the obtaining of a

24 certificate from the Foreclosure Mediation Administrator and the latest Notice of Sale.

25     WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

26 **On the First and Second Causes of Action:**

27     1. Declaratory Relief by way of an order of the Court determining the rights and

28                                Page 6

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

EXHIBIT A
PAGE 7 OF 39

1   obligations of Plaintiff vis-a-vis the various defendants, particularly, (i) whether or not Quality is

2   the lawful trustee of the deed of trust and (ii) the identity of the actual beneficiary thereof; and (iii)

3   declaring that defendants Quality, MERS, WMC and Deutsche have no standing to take any

4   action to utilize, enforce or otherwise act under NRS 107 or any other law of Nevada; and

5   **On the Second & Third Causes of Action:**

6       2.      An order restraining defendants, their employees, agents, attorneys and

7   representatives, pending hearing on a preliminary injunction from conducting a trustee's

8   foreclosure sale of the deed of trust encumbering the described property upon which Plaintiff

9   resides;

10      3.      A preliminary injunction enjoining defendants, their employees, agents, attorneys

11  and representatives, pending hearing on a permanent injunction from conducting a trustee's

12  foreclosure sale of the deed of trust encumbering the described property upon which Plaintiff

13  resides; and

14      4.      A permanent injunction enjoining defendants, their employees, agents, attorneys

15  and representatives from conducting a trustee's foreclosure sale of the deed of trust encumbering

16  the described property upon which Plaintiff resides; and

17      5.      An order directing that Plaintiff be entitled to the right to mediation pursuant to

18  Chapter 107 of NRS and such further order(s) as may be reasonable to implement that mediation;

19  and,

20  **On the Fourth Cause of Action:**

21      6.      Compensatory damages in excess of $10,000.00, according to proof at time of trial;

22      7.      Punitive damages in such sum as the trier of fact deems appropriate to punish

23  defendants and set and example thereof; and

24  **On the Fifth Cause of Action:**

25      8.      A determination that the lapse of time between the giving of the Notice of Default

26  and Election to Sell and the Notice of Sale, if lawful, was unreasonable and that said Notice of

27  Default and Election to sell had failed and was thereby ineffective; and

                                    Page 7

28

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

EXHIBIT A
PAGE 8 OF 39

1    **On all Causes of Action:**

2        9. Costs of suit herein incurred; and

3        10. Reasonable attorneys fees; and

4        11 Such other and further relief as the Court deems just and proper.

5

6                            COLEMAN LAW ASSOCIATES,
                             A Professional Law Corporation,
7

8                            by _Edward S. Coleman_
9                            Edward S. Coleman, SBN 601
                             8275 S. Eastern Avenue, Suite 200
                             Las Vegas, Nevada 89123
10                           Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue. Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

# EXHIBIT "1"

Records Search & Order System

**Search Results**

You searched under: **Parcel Number**, for: **177-22-311-004**, with the document types of: **ALL DOCUMENTS**, between: **1/1/1900** and **6/1/2012**

**Records found: 17**

| | | | | | | | | | Refresh |
| First Party Name | First Cross Party Name | Instrument # | Document Type | Modifier | Record Date | Parcel # | Remarks | Total Value |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| RICHMOND AMERICAN HOMES OF NEVADA I | TRAN, THUAN D | 199808180002079 | DEED | | 8/18/1998 4:21:35 PM | 177-22-311-004 | | $164,440.00 |
| TRAN, THUAN D | TRAN, THUAN D | 200010100000959 | DEED | | 10/10/2000 3:02:47 PM | 177-22-311-004 | | $0.00 |
| TRAN, THUAN D | TRAN, THUAN D | 200301220000413 | DEED | | 1/22/2003 8:43:34 AM | 177-22-311-004 | | $0.00 |
| TRAN, THUAN D | COUNTRYWIDE HOME LOANS INC | 200301220000414 | DEED OF TRUST | | 1/22/2003 8:43:34 AM | 177-22-311-004 | | |
| REPUBLIC MORTGAGE CORP | OLD REPUBLIC TITLE COMPANY | 200303060003935 | SUBSTITUTION/RECONVEYANCE | | 3/6/2003 5:00:00 PM | 177-22-311-004 | | |
| TRAN, THUAN D | TRAN, PHUONG | 200506030000672 | DEED | | 6/3/2005 9:12:35 AM | 177-22-311-004 | | |
| NGUYEN, KHANH | TRAN, PHUONG | 200506030000673 | DEED | | 6/3/2005 9:12:35 AM | 177-22-311-004 | | |
| TRAN, PHUONG | WMC MORTGAGE CORP | 200506030000674 | DEED OF TRUST | | 6/3/2005 9:12:35 AM | 177-22-311-004 | | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | TRAN, THUAN D | 200506170001607 | SUBSTITUTION/RECONVEYANCE | | 6/17/2005 10:31:26 AM | 177-22-311-004 | | |
| CHICAGO TITLE INSURANCE COMPANY | TRAN, THUAN D | 200603080001552 | DEED OF TRUST | RELEASE | 3/8/2006 1:43:36 PM | 177-22-311-004 | | |
| TRAN, PHUONG | WASHINGTON MUTUAL BANK FA | 200603210000690 | DEED OF TRUST | | 3/21/2006 9:18:13 AM | 177-22-311-004 | | |
| TRAN, PHUONG | QUALITY LOAN SERVICE CORP EE | 201007270000175 | BREACH & ELECTION TO SELL | | 7/27/2010 8:11:40 AM | 177-22-311-004 | | $0.00 |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS INC | QUALITY LOAN SERVICE CORPORATION | 201008120001498 | SUBSTITUTION | TRUSTEE | 8/12/2010 10:56:39 AM | 177-22-311-004 | | $0.00 |

Records Search & Order System

| | | | | | | |
|---|---|---|---|---|---|---|
| TRAN, PHUONG | QUALITY LOAN SERVICE CORPORATION | 201011030002508 | CERTIFICATE FORECLOSURE MEDIATION NEVADA | 11/3/2010 2:20:29 PM | 177-22-311-004 | $0.00 |
| TRAN, PHUONG | QUALITY LOAN SERVICE CORP | 201104060002727 | NOTICE OF TRUSTEE SALE | 4/6/2011 12:17:15 PM | 177-22-311-004 | $0.00 |
| TRAN, PHUONG | QUALITY LOAN SERVICE CORP | 201204300002828 | NOTICE OF TRUSTEE SALE | 4/30/2012 1:33:44 PM | 177-22-311-004 | $0.00 |
| WMC MORTGAGE CORP | DEUTSCHE BANK NATIONAL TRUST COMPANY EE | 201205170001349 | ASSIGNMENT | 5/17/2012 11:24:41 AM | 177-22-311-004 | $0.00 |

# EXHIBIT "2"

# COLEMAN LAW ASSOCIATES
### *A Professional Law Corporation*

* * * * * * * *

6615 S. Eastern Avenue Suite 108 ● Las Vegas, Nevada 89119-7614 ● Telephone: (702) 699-9000 ● Facsimile: (702) 699-9006
e-mail: mail@coleman-law.com

May 3, 2012

[ ] U.S. Mail            [ x ] Facsimile:     Pages [ ]  [ ]  E-Mail:
[x  ] Certified Mail - RRR    [  ] Air Express     [ ] Hand Delivery

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101

Ocwen Loan Servicing, LLC
P.O. Box 24738
West Palm Beach, FL 33416-4738

       Re:    **Phuong Tran**
            **522 Kavanagh Pl**
            **Las Vegas, NV 89123**
            **APN: 177-22-311-004**
            **Loan No: 7092478556**
            **TS NV-10-375580-JB**

To Whom It May Concern:

     This office represents Mrs. Phuong Tran. We attach Authorization to Represent her. We submit this correspondence to you in preparation for the referenced pending home foreclosure sale consistent with the needs of our Homeowner client(s) to deal with someone with authority to "meaningfully participate" in the resolution of this delinquent loan secured by their home. The Homeowner desperately desires to resolve this matter in a win-win fashion to the mutual benefit of all parties and the Southern Nevada community which is suffering the impact of a disastrous economic downturn.

     Upon reviewing your documents, we have become confused as to the authority of the various identified parties to the instant loan transaction. The Nevada Supreme Court has determined that each and all of the parties in the chain of title must be identified and their relative claims properly documented by certifications under oath. The purpose of this is to ascertain the legal identity of the current lender, the validity of its claim and the identities of the other parties acting in the foreclosure process——this includes the trustee under the deed of trust and any current servicer and prior servicer of the loan. The ultimate objective is to make absolutely clear that any negotiations to bring the loan current along with the identity of the proper party to whom payments were made, and may in the future, be made will be credited to the homeowner.

     As an additional concern, the December 14, 2010 Report of the Congressional oversight Panel which oversees the administration of the HAMP program seems to place substantial blame for the failure of the HAMP program on the shoulders of servicers who probably do not really represent the interest of the lender or beneficiary but rather serve their own conflicting interest.

EXHIBIT A
PAGE 14 OF 39

# COLEMAN LAW ASSOCIATES

*A Professional Law Corporation*
* * * * * * * * *

Re: **Phuong Tran**
May 3, 2012
Page 2

That Report states in pertinent part:

"Yet despite the apparent strength of HAMP's economic logic, the program has failed to help the vast majority of homeowners facing foreclosure.

A major reason is that mortgages are, in practice, far more complicated than a one-two-one relationship between borrower and lender. In particular, banks typically hire loan servicers to handle the day-to-day management of a mortgage loan, and the servicer's interest may at times sharply conflict with those of lenders and borrowers. For example, although lenders suffer significant losses in foreclosure, servicers can turn a substantial profit from foreclosure-related fees. As such, it may be in the servicers interest to move a delinquent loan to foreclosure as soon as possible. HAMP attempted to correct this market distortion by offering incentive payments to loan servicers but the effort appears th have fallen short, in part because servicers were not required to participate."
(Underlining added)

We have received a report from the County Recorder of Clark County, Nevada which indicates an alleged chain of title, however, as stated, it is confusing. As a result, it is imperative that beneficiaries and/or their duly authorized representatives in fact have full and complete authority to negotiate and deal with loans subject of foreclosure proceedings.

We therefore request that you provide to this office forthwith documentation relative to the authority of the servicer and beneficiary representative designated to participate in the purported trustee's sale..

1.   Please provide the name of the beneficiary/owner(s) of the promissory note and deed of trust subject of this loan together with the contact person information at that entity who is aware of the facts related to the loan, its purported default, the notice of default and notice of trustee sale and who may be particularly familiar with this loan and with the Nevada home foreclosure procedures.

2.   Please identify the person who alleges full and complete authority to "meaningfully participate" in the foreclosure process in this case and state his/her contractual relationship to the beneficiary of the Deed of Trust and legal holder of the Promissory Note.

# COLEMAN LAW ASSOCIATES
### A Professional Law Corporation
* * * * * * * *

Re: **Phuong Tran**
May 3, 2012
Page 3

3.     Please provide a copy of any <u>servicing agreements</u> and <u>investor guidelines and restrictions</u>, together with any modification supplements or amendments to same which may exist between or among servicer, trustee, beneficiary and investors which serve as the basis for the authority and restrictions of the named and authorized representative concerning foreclosure. In the alternative, please identify those documents and cite the web site where such documents may be accessed and reviewed by the Homeowner.

4.     Please identify any and all restrictions other than as may appear from the documents requested above which the lender representative may have to his/her authority to negotiate with Homeowner relative to settlement of the alleged default.

Please submit documents proving beneficiary standing to initiate the pending foreclosure of this subject property and the capacity of same within the State of Nevada, including the right to do business in Nevada, the registration of any notary public who attests to any signature on any notice or related document to the foreclosure process..

In addition to the above requested documents we request information and documentation regarding the amount the current lender paid for the purchase of the Homeowner's note. It appears that neither of the addresses is the original lender and therefore NRS 40.451 limits a deficiency judgment to the amount paid by the current lender for the note. As this information may impact our client's decision to allow the foreclosure sale or file a law suit, we request you provide that information to our office immediately prior to the mediation. The amount paid for this note is $_____.

If you have any questions relative to this request, please call me to discuss, otherwise we await your timely response and look forward to resolving this matter on a win-win basis with a representative of the beneficiary who is truly authorized to "deal with and/or negotiate and modify the loan..." with the Homeowner.

COLEMAN LAW ASSOCIATES
A Professional Law Corporation

By: _Edward Coleman_

ESC/tm
Encl.
cc: Client
W:\Client\Phuong, Tran\LT Ford Ptys.wpd

**EXHIBIT A**
**PAGE 16 OF 39**

# EXHIBIT "3"

 *OCWEN Loan Servicing, Ll*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*          WWW.OCWEN.COM

May 16, 2012

Coleman Law Associates

6615 South Eastern Avenue Suite 108
Las Vegas, NV 89119-7614

RE: Loan Number:      7092478556
Property Address:     522 Kavanagh Pl
                      Las Vegas, NV 89123

Dear Coleman Law Associates :

OCWEN would like to take this opportunity to thank you for your recent communication regarding the above referenced loan. We appreciate the time and effort on your part to bring your concern to our attention. Pursuant to your concern, we have reviewed the loan and below is the recap of our response to the concern raised:

**Concern#1** With reference to the borrowerй☐☐s (Phuong Tran) above-referenced loan, you requested us to respond to the queries outlined in the correspondence.

**Response**  We acquired the servicing rights of the loan from Litton Loan Servicing on September 1, 2011.

Pursuant to your request, we have submitted a request for the copy of the loan documents Note and Mortgage signed by the borrower to be sent to your attention.

Please note that there is no single investor of the loan. The loan is one of many in a securitized investment trust: GSAMP Trust 2005-WMC1.

Ocwen is the servicer of the loan, and not necessarily the owner of the loan. Although the ownership of the loan may change, the ownership has no bearing on the servicing of the loan. As the servicer of the loan, all issues regarding the loan should be forwarded to Ocwen for an appropriate response.

Please note that we have submitted a request for the Assignment of mortgage to be sent to your attention.

As of the date of this letter, the foreclosure proceedings are active on the property. For any further questions or concerns regarding the loan, you may contact our Customer Care Center at (800) 746-2936.

We trust the information provided has fully addressed your concern. Please visit our website (www.ocwen.com) which is available 24 hours a day, seven days a week, as many of the answers to your account specific questions may be found there. However, should you have any further questions in regards to this issue, please contact our Research Department at (800) 241-9960. If after speaking with our Research Department you still have questions or concerns, please feel free to contact the OCWEN consumer advocate by email through OCWEN's website or by phone at (800) 390-4656. You may also send written correspondence to the following address:

Ocwen Loan Servicing, LLC
Attention: Research Department

RRCMAINLTRM.12   1

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.*



*OCWEN Loan Servicing, LL*
*P.O. Box 785063*
*Orlando, FL 32878-5063*
*(Do not send any correspondence or payment to the above address)*

<u>WWW.OCWEN.COM</u>

P.O. Box 24736
West Palm Beach, FL 33416-4736

Sincerely,


Arkadeep Das
Research Department
Ocwen Loan Servicing, LLC

RRCMAINLTRM.12   2

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose.*
*However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and*
*does not constitute an attempt to collect a debt.*

EXHIBIT A
PAGE 19 OF 39

# EXHIBIT "4"

# COLEMAN LAW ASSOCIATES

*A Professional Law Corporation*

• • • • • • • • •

8275 S. Eastern Avenue, Suite 200 ● Las Vegas, Nevada 89123-2545 ● Telephone: (702) 699-9000 ● Facsimile: (702) 699-9006
e-mail: mail@coleman4law.com

May 23, 2012

[X] U.S. Mail          [ ] Facsimile: Pages [ ]     [] E-Mail:
[ ] Certified Mail - RRR   [ ] Air Express     [ ] Hand Delivery

Quality Loan Service Corp.
2141 5th Avenue
San Diego, CA 92101
Attn: Jennifer Basom

Re:   **Loan No. 7092478556; 522 Kavanaugh Pl, Las Vegas, NV 89123**

Dear Research Department:

Your correspondence of May 16, 2012 is acknowledged. The most important thing about it is that someone paid attention to my correspondence. However, the key questions have not been answered.

First, under Nevada law, you are required to transmit to this office the duly executed copy of the servicing assignment (or contract) which authorizes you to be the servicer of the subject loan. Moreover, the person who executed the servicing agreement must have had possession of the document and attested to his or her signature before a notary public pursuant to Chapter 240 of Nevada Revised Statutes. The foregoing is the result of the so-called "robo-signing" fiasco conducted by numerous lenders.

Secondly, the validity of the loan documents must be attested to under oath by the current holder thereof and all prior assignments of those loan documents must also be attested to by the then holder(s) thereof under oath given before a notary public pursuant to Chapter 240 of Nevada Revised Statutes.

You note that there is no single investor of the loan since it is one of many in a securitized investment trust, designated by you as GSAMP Trust 2005-WMC1. Obviously, the referenced trust is presumed to be the legal owner of the loan for the benefit of its beneficiaries. It paid some consideration for the assignment of the loan to it. We simply require that the amount paid by the trust for this particular loan be identified, including the document or documents constituting the consideration paid. This must also be attested to by the trustee (or whomsoever is authorized to act on behalf of the trustee) under oath pursuant to Chapter 240 of Nevada Revised Statutes.

EXHIBIT A
PAGE 21 OF 39

# COLEMAN LAW ASSOCIATES

### *A Professional Law Corporation*
• • • • • • • •

Ocwen Loan Servicing, LLC
Re:  Loan No. 7092478556; 522 Kavanaugh Pl. Las Vegas, NV 89123
May 23, 2012
Page 2

     You must also advise how Quality Loan Service is involved with proper written documentation supporting their participation.

     Be advised that should you fail to comply herewith, we will institute suit on behalf of our client to ascertain the answers to the foregoing inquiries.  The Nevada Supreme Court has made it clear that every homeowner is entitled to know the identity of the true beneficiary of a deed of trust and to whom loan payments are transmitted.  We expect that you will desist from any further foreclosure activity unless and until you provide us with appropriate responses.

                                          Very truly yours,
                                          COLEMAN LAW ASSOCIATES,
                                          A Professional Law Corporation

By:          Edward S. Coleman, Esq.

ESC/tm
cc: Ocwen Loan Servicing
    Attn: Research Dept
    Client

W:\Client\Phong Tran\LT Quality Re Proof.wpd

**RECORDING COVER PAGE**
(Must be typed or printed clearly in BLACK ink only
and avoid printing in the 1" margins of document)

APN# _____ 177-22-311-004 _____

_____

_____

(11 digit Assessor's Parcel Number may be obtained at:
http://redrock.co.clark.nv.us/assrrealprop/ownr.aspx)

**TITLE OF DOCUMENT**
**(DO NOT Abbreviate)**

LIS PENDENS _____

_____

Document Title on cover page must appear EXACTLY as the first page of the
document to be recorded.

**RECORDING REQUESTED BY:**

Coleman Law Associates _____

RETURN TO: Name Tammy Maskew _____

Address 8275 S. Eastern Avenue, Suite 200 _____

City/State/Zip Las Vegas, Nevada 89123 _____

MAIL TAX STATEMENT TO:  (Applicable to documents transferring real property)

Name _____

Address _____

City/State/Zip _____

This page provides additional information required by NRS 111.312 Sections 1-2.
An additional recording fee of $1.00 will apply.
To print this document properly—do not use page scaling.

When recorded please return to:
Coleman Law Associates
8275 S. Eastern Avenue, Suite 200
Las Vegas, Nevada 89123

APN: 177-22-311-004

## LIS PENDENS
## NOTICE OF PENDENCY OF ACTION AFFECTING
## TITLE TO REAL PROPERTY

NOTICE is hereby given that PHUONG TRAN has filed a complaint in the Clark County
District Court for the State of Nevada, case number A-12-665248-C and such is intended
to affect the title to real property and the right to lawful possession of the property
described below and commonly known as 522 Kavanaugh Place, Las Vegas, Nevada
89123.

Described as: A.P.N. #177-22-311-004

LOT FOUR (4) BLOCK ONE (1) OF EXPRESSIONS, AS SHOWN BY MAP
THEREOF ON FILE IN BOOK 78 OF PLATS, PAGE 38, IN THE OFFICE OF THE
COUNTY RECORDER OF CLARK COUNTY, NEVADA, AND AS AMENDED BY
THAT CERTAIN CERTIFICATE OF AMENDMENT RECORDED APRIL 11, 1997 IN
BOOK 970411AS DOCUMENT NO. 01211OF OFFICIAL RECORDS.

The nature of the claims are Real Property Foreclosure, Specific Performance by Quality
Loan Service Corp., et al., whom Plaintiff is of the position has no enforceable legal right
to foreclose the property.

DATED: This 17th day of July, 2012.

COLEMAN LAW ASSOCIATES

By _____
Edward S. Coleman, Esq.
8275 S. Eastern Avenue
Suite 200
Las Vegas, Nevada 89123
Attorneys for Phuong Tran

EXHIBIT A
PAGE 24 OF 39

Electronically Filed
07/18/2012 04:53:48 PM

CLERK OF THE COURT

1 | ORDR
Edward S. Coleman, Esq., NV Bar No. 000601
2 | Coleman Law Associates, a Professional Law Corporation
8275 S. Eastern Avenue, Suite 200
3 | Las Vegas, NV 89123
Tel (702) 699-9000
4 | Fax (702) 699-9006
email: mail@coleman4law.com
5 | Attorneys for Plaintiff

6 | **DISTRICT COURT OF**

7 | **CLARK COUNTY, NEVADA**

8 | PHUONG TRAN,                                Case No. **A-12- 665248-C**

9 |                                            Dept. No. **XXXII**
                   Plaintiff,
10 | vs.

11 | QUALITY LOAN SERVICE CORPORATION, a       **ORDER GRANTING EX PARTE**
    California corporation,                    **APPLICATION FOR**
12 | MORTGAGE ELECTRONIC REGISTRATION          **TEMPORARY RESTRAINING**
    SYSTEMS, INC., corporation,                **ORDER**
13 | OCWEN LOAN SERVICING, LLC, a trust,
    GSAMP Trust 2005-WMC1, a trust,            (Exempt From Arbitration: Damages in
14 | WMC MORTGAGE CORPORATION, a corporation,        Excess of $50,000.00)
    DEUTSCHE BANK NATIONAL TRUST
15 | COMPANY,
    Does 1 -10 inclusive,
16 |
                   Defendants.
17 |      Good cause appearing therefore, IT IS HEREBY ORDERED that Defendants, and each

18 | of them, are hereby restrained from the following conduct commencing on today's date and

19 | continuing until fifteen days or until such time as the Motion for Preliminary Injunction may be

20 | heard : (1)      to prevent Defendants from taking any action to sell or transfer, or evict or

21 | remove Plaintiff or her family from the premises of the property located at 522 Kavanaugh

22 | Place, Las Vegas, Nevada, 89123, for at least 15 days, or until the Motion for Preliminary

23 | Injunction can be heard. The date set for the sale is Thursday, July 19, 2012.

24 |      (2)      the Court order Bond in the amount of $100.00 as the Plaintiff is claiming

25 | financial hardship. The issuance of the TEMPORARY RESTRAINING ORDER will not

26 | cause undue inconvenience or loss to Defendants, but will prevent irreparable harm to Plaintiff.
    TRO will only be effective upon the posting of the bond.

27 | /// It is further ordered that the TRO shall be served on the

28 | Defendant no later than July 25, 2012.
                                           Page 1

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

It is further ordered that the hearing regarding extending the
TRO shall be set for August 3, 2012, at 9:00 am in
Courtroom 11c of the Regional Justice Center. Any opposition
shall be filed by July 31, 2012, with a courtesy copy to
Chambers at the time of
filing.

IT IS SO ORDERED

Dated this 18 day of July, 2012. @ 3:45 pm

for:

DISTRICT COURT JUDGE

ROB BARE
JUDGE, DISTRICT COURT, DEPARTMENT 32

Respectfully Submitted By:
COLEMAN LAW ASSOCIATES

Edward S. Coleman, Esq., Nevada Bar No. 601
COLEMAN LAW ASSOCIATES
8275 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
*Attorney for Plaintiff Phuong Tran*

Page 2

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000  Facsimile (702) 699-9006

Electronically Filed
07/23/2012 09:43:45 AM

**0008**

Edward S. Coleman, Esq., NV Bar No. 000601
Coleman Law Associates, a Professional Law Corporation
8275 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
Tel (702) 699-9000
Fax (702) 699-9006
email: mail@coleman4law.com
Attorneys for Plaintiff

**CLERK OF THE COURT**

## DISTRICT COURT OF

## CLARK COUNTY, NEVADA

| | |
|---|---|
| **PHUONG TRAN,**<br><br>                          Plaintiff,<br>vs.<br><br>**QUALITY LOAN SERVICE CORPORATION,** a California corporation,<br>**MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** corporation,<br>**OCWEN LOAN SERVICING, LLC,**<br>**GSAMP Trust 2005-WMC1,** a trust,<br>**WMC MORTGAGE CORPORATION,** a corporation,<br>**DEUTSCHE BANK NATIONAL TRUST COMPANY,**<br>**Does 1 -10 inclusive,**<br><br>                          Defendants. | Case No. **A-12- 665248-C**<br><br>Dept. No. **XXXII**<br><br>**EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER**<br><br>(Exempt From Arbitration: Damages in Excess of $50,000.00) |

Plaintiff, PHUONG TRAN, by and through her attorney, on July 17, 2012, filed a

Complaint to enjoin Defendants from selling the property located at: 522 Kavanaugh Place, Las

Vegas, Nevada, 89123, and more particularly described as Lot Four (4) of Block One (1) of

Expressions, as shown by map thereof on file in book 78 of Plats, page 38, in the office of the

County Recorder of Clark County, Nevada, APN# 177-22-311-004, and from evicting Plaintiff

and her family from same. Pursuant to NRCP 65(b), Plaintiff hereby requests a Temporary

Restraining Order to prevent Defendants from taking any action to sell or transfer, or evict or

remove Plaintiff or her family from the premises of the property located at 522 Kavanaugh

Place, Las Vegas, Nevada, 89123, for at least 15 days, or until the Motion for Preliminary

Injunction can be heard, the date set for the sale is Thursday, July 19, 2012.

Page 1

1   **PLAINTIFF WILL SUFFER IRREPARABLE HARM IF AN ORDER IS NOT ISSUED**

2        Failure to enjoin Defendants from evicting Plaintiff and her family and selling said

3   property will cause Plaintiff irreparable damage for which she has no adequate remedy at law.

4   As indicated in the attached affidavit, the property is Plaintiff's home, where she lives with her

5   husband and children. The filed Complaint and ensuing suit will show that Plaintiff has a legal

6   right to keep her home, and thus allowing her to be evicted and letting a sale to go through could

7   allow her and in totality, them, to lose the home they have a legal right to keep.

8

9          **PLAINTIFF IS LIKELY TO SUCCEED ON THE MERITS**

10        As indicated in the Complaint, Defendants negligently and illegally set and acted upon

11   the defective Notice of Default, in violation of NRS 107.086, and 107.080. Defendants

12   knowingly acted on  this Defective Notice as shown in the communications to and from said

13   entities outlining the defective recordings and procedures, as well as actions to cure. Defendants

14   knowingly moved forward even after the defects were pointed out and proven, thus making this

15   application necessary.

16

17         **PLAINTIFF SUFFERS FROM FINANCIAL HARDSHIP**

18        Plaintiff would be  in such severe financial circumstances if she lost her home to

19   foreclosure. She is responsible for the expenses of her entire family. Plaintiff has recently

20   experienced extreme hardship which began the financial tailspin that has resulted in the

21   attempted foreclosure of her home. Plaintiff cannot afford to pay a bond and requests that the

22   court take his hardship under consideration.

23

24       **DEFENDANTS WILL NOT SUFFER UNDUE INCONVENIENCE**

25        Restraining the eviction of Plaintiff's family and the further sale of her home the few

26   days until a noticed hearing on a preliminary injunction can occur will not cause any material

27   change in Defendants' position. Because Defendants' risk of harm is minimal, and Plaintiff

Page 2

28

EXHIBIT A
PAGE 28 OF 39

1  suffers from financial hardship, Plaintiff requests that a bond be set in an amount between one

2  dollar ($1) and five hundred dollars ($500). The issuance of the TEMPORARY

3  RESTRAINING ORDER will not cause undue inconvenience or loss to Defendant, but will

4  prevent irreparable harm to Plaintiff.

5       WHEREFORE, Plaintiff requests that a TEMPORARY RESTRAINING ORDER be

6  granted and that the hearing on the Motion for Preliminary Injunction be forthwith set at the

7  time of the filing of Motion.

8       DATED: July 17, 2012.

9

10     COLEMAN LAW ASSOCIATES,
       A Professional Law Corporation

11

12     By: _Edward S. Coleman_

13     Edward S. Coleman, Esq.,

14     Coleman Law Associates, APLC
       8275 S. Eastern Avenue, Suite 200

15     Las Vegas, NV 89123
       *Attorney for Plaintiff Phuong Tran*

16

17

18

19

20

21

22

23

24

25

26

27

28

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

# AFFIDAVIT OF SUBSTITUTED SERVICE
## COUNTY OF CLARK, STATE OF NEVADA

PHUONG TRAN,        )
        Plaintiffs     )
vs.                  ) Case :A-12-665248-C
                     ) Dept. No.: XXXII

QUALITY LOAN SERVICE CORPORATION a ) 
California corporation          )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC., corporation      )
OCWEN LOAN SERVICING, LLC     )
SSAMP Trust 2005-WMCI, a Trust,   )
WMC MORTGAGE CORPORATION, a corporation, )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, and            )
  DOES 1 through 10, inclusive,    )
                     )
          Defendant.     )

Electronically Filed
07/25/2012 02:32:47 PM

**CLERK OF THE COURT**

**Christina Galvez**, being duly sworn says: That all times herein affiant was and is a citizen of the United States, over 18, licensed to serve civil process in the state of Nevada under Nevada license number 1435A, and not party to or interested in the proceeding in which the affidavit is made. The affiant received 1 copy of the **Summons and Complaint, Order Granting ExParte Application for TPO, ExParte Application for TPO Notice of Posting Cost Bond, Lis Pendens** on the **24th** day of **July 2012.**

I served the same on the **24th** day of **July 2012 at 10:22 a.m.**

By Serving OCWEN LOAN SERVICING LLC leaving a copy of the said documents with REGISTERED AGENTCSC SERVICES OF NEVADA, INC (FRANCES GUTIERREZ) a person of authority located at 2215-B Renaissance Drive, Ste 110 Las Vegas, NV 89119.

**SUBCRIBED AND SWORN** to before me this

_25th_ day of _July_, 2012
**NOTARY PUBLIC** in and for the
State of Nevada
County of Clark

Affiant: Christina Galvez
Galvez & Casco Investigations
NV License # 1435 & 1435A
3531 E. Russell Road, Ste B
Las Vegas, NV 89120

T. L. TWITCHELL-MASKEW
Notary Public, State of Nevada
Appointment No. 06-8882-1
My Appt. Expires May 30, 2016

EXHIBIT A
PAGE 30 OF 39

# AFFIDAVIT OF SUBSTITUTED SERVICE
## COUNTY OF CLARK, STATE OF NEVADA

PHUONG TRAN,                           )
                    Plaintiffs         )
                                       )
vs.                                    )  Case :A-12-665248-C        Electronically Filed
                                       )  Dept. No.: XXXII          07/25/2012 02:34:49 PM
QUALITY LOAN SERVICE CORPORATION a     )
California corporation                 )
MORTGAGE ELECTRONIC REGISTRATION       )
SYSTEMS, INC., corporation             )
OCWEN LOAN SERVICING, LLC              )                            CLERK OF THE COURT
SSAMP Trust 2005-WMCI, a Trust,        )
WMC MORTGAGE CORPORATION, a corporation,)
DEUTSCHE BANK NATIONAL TRUST           )
COMPANY, and                           )
 DOES 1 through 10, inclusive,         )
                                       )
                    Defendant.         )

**Christina Galvez**, being duly sworn says: That all times herein affiant was and is a citizen of the United States, over 18, licensed to serve civil process in the state of Nevada under Nevada license number 1435A, and not party to or interested in the proceeding in which the affidavit is made. The affiant received 1 copy of the **Summons and Complaint, Order Granting ExParte Application for TPO, ExParte Application for TPO Notice of Posting Cost Bond, Lis Pendens** on the **24th** day of **July 2012.**

I served the same on the **24th** day of **July 2012 at 11:01 a.m.**

By Serving QUALITY LOAN SERVICE CORPORATION leaving a copy of the said documents with REGISTERED AGENT ATTORNEY KRISTIN A. SCHULER - HINTZ a person of authority located at 9510 West Sahara Avenue, Ste 110 Las Vegas, NV 89117.

_____
Affiant: Christina Galvez
Galvez & Casco Investigations
NV License # 1435 & 1435A
3531 E. Russell Road, Ste B
Las Vegas, NV 89120

**SUBCRIBED AND SWORN** to before me this

25 day of July , 2012
**NOTARY PUBLIC** in and for the
State of Nevada
County of Clark

_____

T. L. TWITCHELL-MASKEW
Notary Public, State of Nevada
Appointment No. 06-6882-1
My Appt. Expires May 30, 2018

Electronically Filed
07/25/2012 01:45:54 PM

*[signature]*

**CLERK OF THE COURT**

1  **NOTC**
   Edward S. Coleman, Esq., NV Bar No. 000601
2  Coleman Law Associates, a Professional Law Corporation
   8275 S. Eastern Avenue, Suite 200
3  Las Vegas, NV 89123
   Tel (702) 699-9000
4  Fax (702) 699-9006
   email: mail@coleman4law.com
5  Attorneys for Plaintiff

6                    **DISTRICT COURT OF**

7                **CLARK COUNTY, NEVADA**

8  | **PHUONG TRAN,** | Case No. **A-12- 665248-C** |

9  |  | Dept. No. **XXXII** |
                        Plaintiff,
10 | vs. |  |

11 | **QUALITY LOAN SERVICE CORPORATION, a** | **NOTICE OF POSTING COST** |
   | California corporation, | **BOND** |
12 | **MORTGAGE ELECTRONIC REGISTRATION** |  |
   | **SYSTEMS, INC.,** corporation, |  |
13 | **OCWEN LOAN SERVICING, LLC,** |  |
   | **GSAMP Trust 2005-WMC1,** a trust, |  |
14 | **WMC MORTGAGE CORPORATION, a** corporation, |  |
   | **DEUTSCHE BANK NATIONAL TRUST** |  |
15 | **COMPANY,** |  |
   | **Does 1 -10 inclusive,** |  |
16 |  |  |
                        Defendants.
17

18        Plaintiff, PHUONG TRAN, by and through her attorney,  Coleman Law Associates,

19 hereby submit their Notice of  Cost Bond           ., a receipt for said bond is attached

20 hereto.

21        DATED: July *25th* 2012.

22                              COLEMAN LAW ASSOCIATES,
                                A Professional Law Corporation
23

24                              By: *Edward S Coleman*

25                              Edward S. Coleman, Esq.,
                                Coleman Law Associates, APLC
26                              8275 S. Eastern Avenue, Suite 200
                                Las Vegas, NV 89123
27                              *Attorney for Plaintiff Phuong Tran*

28                    Page 1

EXHIBIT A
PAGE 32 OF 39

1

## CERTIFICATE OF MAILING

2

3

I, the undersigned employee of Coleman Law Associates, a Professional Law

Corporation, am over the age of 18, a citizen of the State of Nevada and do hereby

4

declare that the foregoing Notice of Posting Cost Bond was served on the following parties, by

5

mailing a copy thereof, first class mail, postage prepaid to the following address on the 24th day

6

of July, 2012:

7

8

9

10

**Charles "Tony" Piccuta, Esq.**

11

**HOUSER & ALLISON, APC**

**9970 Research Drive**

12

**Irvine, CA 92618**

13

*Attorney for Defendants, Ocwen, MERS and Deutsche Bank*

14

15

16

17

By:   /s/Tammy Maskew

18

An employee of Coleman Law Associates,
APLC

19

20

\\CL.SERVER01\Users\Tammy\My Documents\Notice of Posting Cost Bond.wpd

21

22

23

24

25

26

27

Page 2

28

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

Electronically Filed
07/26/2012 02:20:13 PM

1  **SUMM**
Edward S. Coleman, Esq., NV Bar No. 000601
2  Coleman Law Associates, a Professional Law Corporation
8275 S. Eastern Avenue, Suite 200
3  Las Vegas, NV 89123
Tel (702) 699-9000
4  Fax (702) 699-9006
email: mail@coleman4law.com
5  Attorneys for Plaintiff

**CLERK OF THE COURT**

6  ### DISTRICT COURT OF

7  ### CLARK COUNTY, NEVADA

| | |
|---|---|
| 8  **PHUONG TRAN,** | Case No. **A-12- 665248-C** |
| 9  Plaintiff, | Dept. No. **XXXII** |
| 10  vs. | |
| 11  **QUALITY LOAN SERVICE CORPORATION,** a California corporation, | **SUMMONS** |
| 12  **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** corporation, | |
| 13  **OCWEN LOAN SERVICING, LLC,** **GSAMP Trust 2005-WMC1,** a trust, | |
| 14  **WMC MORTGAGE CORPORATION,** a corporation, | |
| 15  **DEUTSCHE BANK NATIONAL TRUST COMPANY,** | |
| 16  **Does 1 -10 inclusive,** | |
| 17  Defendants. | |

18  **OCWEN LOAN SERVICING. LLP**

19  **NOTICE! YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**

20  **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**

21  **READ THE INFORMATION BELOW.**

22      TO THE ABOVE-NAMED DEFENDANT: A civil Complaint has been filed by the
23  Plaintiff(s) against you for the relief set forth in the Complaint.

24      1.    If you intend to defend this lawsuit, within 20 days after this Summons is served on
25  you, exclusive of the day of service, you must do the following:

26      (a)    File with the Clerk of this Court, whose address is shown below, a formal written
27  response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.

28                                Page 1

EXHIBIT A
PAGE 34 OF 39

(b)    Serve a copy of your response upon the attorney whose name and address is shown below.

2.    Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.    If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.    The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

**COLEMAN LAW ASSOCIATES, APLC**

*Edward S Coleman*

EDWARD S. COLEMAN, ESQ.
Nevada Bar N.000601
Coleman Law Associates
A Professional Law Corporation
8275 S. Eastern Ave., Suite 200
Attorneys for Plaintiffs

**CLERK OF THE COURT**

By: _____  JUL 2 4 2012
Deputy Clerk    Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155 TERRI STRINGER

Page 2

# AFFIDAVIT OF SUBSTITUTED SERVICE
## COUNTY OF CLARK, STATE OF NEVADA

| | |
|---|---|
| PHUONG TRAN, | ) |
|           Plaintiffs | ) |
| | ) |
| vs. | ) Case :A-12-665248-C |
| | ) Dept. No.: XXXII |
| QUALITY LOAN SERVICE CORPORATION a | ) |
| California corporation | ) |
| MORTGAGE ELECTRONIC REGISTRATION | ) |
| SYSTEMS, INC., corporation | ) |
| OCWEN LOAN SERVICING, LLC | ) |
| SSAMP Trust 2005-WMCI, a Trust, | ) |
| WMC MORTGAGE CORPORATION, a corporation, | ) |
| DEUTSCHE BANK NATIONAL TRUST | ) |
| COMPANY, and | ) |
|  DOES 1 through 10, inclusive, | ) |
| | ) |
|           Defendant. | ) |

Electronically Filed
07/25/2012 02:32:47 PM

**CLERK OF THE COURT**

**Christina Galvez,** being duly sworn says: That all times herein affiant was and is a citizen of the United States, over 18, licensed to serve civil process in the state of Nevada under Nevada license number 1435A, and not party to or interested in the proceeding in which the affidavit is made. The affiant received 1 copy of the **Summons and Complaint, Order Granting ExParte Application for TPO, ExParte Application for TPO Notice of Posting Cost Bond, Lis Pendens** on the **24th** day of **July 2012.**

I served the same on the **24th day of July 2012 at 10:22 a.m.**

By Serving OCWEN LOAN SERVICING LLC leaving a copy of the said documents with REGISTERED AGENTCSC SERVICES OF NEVADA, INC (FRANCES GUTIERREZ) a person of authority located at 2215-B Renaissance Drive, Ste 110 Las Vegas, NV 89119.

SUBCRIBED AND SWORN to before me this

_____ day of _____, 2012
NOTARY PUBLIC in and for the
State of Nevada
County of Clark

Affiant: Christina Galvez
Galvez & Casco Investigations
NV License # 1435 & 1435A
3531 E. Russell Road, Ste B
Las Vegas, NV 89120

T. L. TWITCHELL-MAGKEW
Notary Public, State of Nevada
Appointment No. 06-9982-1
My Appt. Expires May 30, 2016

EXHIBIT A
PAGE 36 OF 39

Electronically Filed
07/26/2012 02:21:28 PM

1 **SUMM**
Edward S. Coleman, Esq., NV Bar No. 000601
2 Coleman Law Associates, a Professional Law Corporation
8275 S. Eastern Avenue, Suite 200
3 Las Vegas, NV 89123
Tel (702) 699-9000
4 Fax (702) 699-9006
email: mail@coleman4law.com
5 Attorneys for Plaintiff

**CLERK OF THE COURT**

6                    **DISTRICT COURT OF**

7                 **CLARK COUNTY, NEVADA**

| | |
|---|---|
| 8  **PHUONG TRAN,** | Case No. **A-12- 665248-C** |
| 9 | Dept. No. **XXXII** |
| 10  Plaintiff, | |
| vs. | |
| 11  **QUALITY LOAN SERVICE CORPORATION,** a | **SUMMONS** |
| 12   California corporation,<br>**MORTGAGE ELECTRONIC REGISTRATION**<br>**SYSTEMS, INC.,** corporation, | |
| 13  **OCWEN LOAN SERVICING, LLC,**<br>**GSAMP Trust 2005-WMC1,** a trust, | |
| 14  **WMC MORTGAGE CORPORATION,** a corporation,<br>**DEUTSCHE BANK NATIONAL TRUST** | |
| 15  **COMPANY,**<br>**Does 1 -10 inclusive,** | |
| 16 | |
| Defendants. | |
| 17 | |

18              **QUALITY LOAN SERVICE CORPORATION**

19 **NOTICE!  YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU**

20 **WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND WITHIN 20 DAYS.**

21 **READ THE INFORMATION BELOW.**

22          TO THE ABOVE-NAMED DEFENDANT: A civil Complaint has been filed by the
23
Plaintiff(s) against you for the relief set forth in the Complaint.
24          1.     If you intend to defend this lawsuit, within 20 days after this Summons is served on
25
you, exclusive of the day of service, you must do the following:
26          (a)     File with the Clerk of this Court, whose address is shown below, a formal written
27
response to the Complaint in accordance with the rules of the Court, with the appropriate filing fee.
28                                      Page 1

EXHIBIT A
PAGE 37 OF 39

(b)     Serve a copy of your response upon the attorney whose name and address is shown below.

2.     Unless you respond, your default will be entered upon application of the Plaintiff(s) and failure to so respond will result in a judgment of default against you for the relief demanded in the Complaint, which could result in the taking of money or property or other relief requested in the Complaint.

3.     If you intend to seek the advice of an attorney in this matter, you should do so promptly so that your response may be filed on time.

4.     The State of Nevada, its political subdivisions, agencies, officers, employees, board members, commission members and legislators each have 45 days after service of this Summons within which to file an Answer or other responsive pleading to the Complaint.

Submitted by:

**COLEMAN LAW ASSOCIATES, APLC**

_____
EDWARD S. COLEMAN, ESQ.
Nevada Bar N.000601
Coleman Law Associates
A Professional Law Corporation
8275 S. Eastern Ave., Suite 200
Attorneys for Plaintiffs

**CLERK OF THE COURT**

By: _____
Deputy Clerk                    Date
Regional Justice Center
200 Lewis Avenue
Las Vegas, NV 89155

JUL 24 2012

TERRI STRINGER

Page 2

COLEMAN LAW ASSOCIATES A PROFESSIONAL LAW CORPORATION
8275 S. Eastern Avenue, Suite 200, Las Vegas, NV 89123
Telephone (702) 699-9000   Facsimile (702) 699-9006

# AFFIDAVIT OF SUBSTITUTED SERVICE
## COUNTY OF CLARK, STATE OF NEVADA

PHUONG TRAN, )
           **Plaintiffs** )
           )
vs. )  Case : A-12-665248-C
           )  Dept. No.: XXXII
QUALITY LOAN SERVICE CORPORATION a )
California corporation )
MORTGAGE ELECTRONIC REGISTRATION )
SYSTEMS, INC., corporation )
OCWEN LOAN SERVICING, LLC )
SSAMP Trust 2005-WMCI, a Trust, )
WMC MORTGAGE CORPORATION, a corporation, )
DEUTSCHE BANK NATIONAL TRUST )
COMPANY, and )
 DOES 1 through 10, inclusive, )
           )
          **Defendant.** )

Electronically Filed
07/25/2012 02:34:49 PM

**CLERK OF THE COURT**

**Christina Galvez**, being duly sworn says: That all times herein affiant was and is a citizen of the United States, over 18, licensed to serve civil process in the state of Nevada under Nevada license number 1435A, and not party to or interested in the proceeding in which the affidavit is made. The affiant received 1 copy of the **Summons and Complaint, Order Granting ExParte Application for TPO, ExParte Application for TPO Notice of Posting Cost Bond, Lis Pendens** on the **24th** day of **July 2012.**

I served the same on the **24th** day of **July 2012 at 11:01 a.m.**

By Serving QUALITY LOAN SERVICE  CORPORATION leaving a copy of the said documents with REGISTERED AGENT ATTORNEY KRISTIN A. SCHULER - HINTZ a person of authority located at 9510 West Sahara Avenue, Ste 110 Las Vegas, NV 89117.

Affiant: Christina Galvez
Galvez & Casco Investigations
NV License # 1435 & 1435A
3531 E. Russell Road, Ste B
Las Vegas, NV 89120

SUBCRIBED AND SWORN to before me this

25 day of July , 2012
NOTARY PUBLIC in and for the
State of Nevada
County of Clark

T. L. TWITCHELL-MASKEW
Notary Public, State of Nevada
Appointment No. 06-0082-1
My Appt. Expires May 30, 2016