Jeffrey S. Allison (NV Bar #: 8949)
Charles Tony Piccuta (NV Bar #: 11854)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, California  92618
Phone: (949) 679-1111
Fax: (949) 679-1112

Aaron M. Waite (NV Bar #: 7947)
THE COOPER CASTLE LAW FIRM, LLP
A Multijurisdictional Firm
5275 S. Durango Drive
Las Vegas, Nevada 89113
Phone: (702) 435-4175
Facsimile: (702) 435-7424

Attorneys for Defendants OCWEN LOAN SERVICING, LLC, Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1, Pooling and Servicing Agreement dated as of September 1, 2005 erroneously sued as DEUTSCHE BANK NATIONAL TRUST COMPANY and/or GSAMP Trust 2005-WMC1 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| PHUONG TRAN, | Case No.: 2:12-cv-01372-GMN-GWF |
| Plaintiff, | Hon. Gloria M. Navarro |
| vs. | |
| QUALITY LOAN SERVICE CORPORATION, a California Corporation, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., corporation, OCWEN LOAN SERVICING, LLC, GSAMP Trust 2005-WMC1, a trust, WMC MORTGAGE CORPORATION, a corporation, DEUTSCHE BANK NATIONAL TRUST COMPANY, Does 1-10 inclusive. | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR STAY OF PROCEEDINGS; DECLARATION OF BOUNLET LOUVAN IN SUPPORT THEREOF** |
| Defendants. | |

/ / /

/ / /

1

NOW COMES Defendants, OCWEN LOAN SERVICING, LLC ("Ocwen"), Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1, Pooling and Servicing Agreement dated as of September 1, 2005 erroneously sued as DEUTSCHE BANK NATIONAL TRUST COMPANY and/or GSAMP Trust 2005-WMC1 ("Deutsche Bank, As Trustee") and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS") (collectively "Defendants") and in Opposition to Plaintiff, Phuong Tran's ("Plaintiff" or "Tran"), Emergency Motion for Temporary Restraining Order or Stay of Proceedings, sets forth as follows:

I.  **INTRODUCTION**

Plaintiff's instant Motion is her latest attempt to enjoin the inevitable foreclosure of a property she can no longer afford. ***Plaintiff has presented absolutely no evidence indicating that there is a likelihood that she will succeed on the merits of her claims.*** Instead, Plaintiff offers a Declaration from her attorney, Edward Coleman, which states "in my professional opinion, there is a strong likelihood that (1) Plaintiff will prevail at trial….". (Coleman Decl. at ¶ 8). Apparently, Plaintiff believes that the undoubtedly biased and alleged "professional opinion" of her attorney satisfies her evidentiary burden and entitles her to injunctive relief. Plaintiff is wrong and her request for injunctive relief should be denied.

Plaintiff's Emergency Motion for Temporary Restraining Order should also be denied because no emergency exists. This matter was removed to federal court on August 2, 2012. Plaintiff waited six weeks to file for injunctive relief with this court. There is no genuine emergency and Plaintiff's delay was to her own peril. She should not be allowed to burden the Court and impose expedited briefing deadlines on Defendants based upon her lack of diligence.

In her Emergency Motion, Plaintiff erroneously opines that the state court temporary restraining order was never terminated or extinguished. Like all the legal propositions contained in her complaint and motion for remand, her legal conclusion is grossly incorrect and inapposite to the controlling law. As set forth below, United States Supreme Court authority makes clear that the restraining order dissolved as a matter of law.

///

1    Plaintiff also claims that Defendants did not comply with the Nevada Foreclosure
2 Mediation Program. Specifically, Plaintiff's Complaint alleges that she did not receive the
3 "Election or Waiver of the Right to Mediate as required." The evidence presented in support of
4 this Opposition proves that this allegation is false. Plaintiff's "Emergency" Motion for
5 Temporary Restraining Order should be denied accordingly.

6 **II.    STATEMENT OF RELEVANT PROCEDURAL FACTS**

7    On July 18, 2012, Plaintiff applied for a temporary restraining order in state court
8 without notice to Defendants. The Application went unopposed and the court issued a
9 Temporary Restraining Order setting a hearing for August 3, 2012 "regarding extending the
10 TRO." (TRO at pg. 2 attached as Ex. 2 to Motion). On August 2, 2012, Defendants removed
11 this matter to federal court. (*See* Docket). Plaintiff waited until September 12, 2012 to file the
12 instant Motion requesting a restraining order or a stay of the proceedings. (*See* Docket). Plaintiff
13 has presented no evidence to the court in support of her claims or her request for injunctive
14 relief. (*See* generally Plaintiff's federal Court filings).

15 **III.   LAW AND ARGUMENT**

16

17    **A.    The State Court Restraining Order Has Dissolved By Operation of Law**

18

19    Plaintiff erroneously opines that the State Court Temporary Restraining Order is still in
20 force and effect. However, it is well established that the Restraining Order dissolved long ago as
21 an operation of law. The United States Supreme Court has held that upon removal of a case to
22 federal court, an existing restraining order does not continue indefinitely. Instead, a state court
23 restraining order terminates by operation of law no later than the time limitations imposed by
24 Federal Rule of Civil Procedure 65(b). *See Granny Goose Foods, Inc. v. Brotherhood of*
25 *Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*, 94 S.Ct. 1113, 1124 (1974).
26    In *Granny Goose*, the Supreme Court addressed the effect and duration of a state court
27 temporary restraining order and set forth the following rule: "[a]n ex parte temporary restraining
28 order issued by a state court prior to removal remains in force after removal no longer than it

would have remained in effect under state law, but *in no event* does the order remain in force longer than the time limitations imposed by Rule 65(b), measured from the date of removal." *See Id.* at 1124. In reaching its conclusion, the Court reasoned that a removing party "had a right to the protections of the time limitation in Rule 65(b) once the case was removed to the District Court." *Id. at 1123*. "The Federal Rules of Civil Procedure, like other provisions of federal law, govern the mode of proceedings in federal court after removal." *Id.* "[O]nce a case has been removed to federal court, its course is to be governed by federal law, including the Federal Rules of Civil Procedure." *See Id.* at 1125. Under Federal Rule of Civil Procedure 65(2), a temporary restraining order expires at the time set by the court, "not to exceed 14 days."

Applied to the instant case, the Restraining Order, obtained by Plaintiff in the state Court and without notice, expired long ago as did Plaintiff's original Application. Counsel for Defendants explained this to Plaintiff's counsel on August 21, 2012. Counsel for Plaintiff's inexplicably waited another three weeks to take any action and created the alleged "emergency" situation resulting in the "Emergency" Motion. As such, there is no restraining order in place and Plaintiff's "Emergency" Motion should be denied.

### B. Plaintiff Has Failed to Sustain Her Burden and Her Request for Injunctive Relief Must be Denied

As set forth above, Plaintiff has offered absolutely no evidence in support of any of the claims contained in her Complaint. As such, Plaintiff has provided the Court with no evidence or reason to believe that she is likely to prevail on the merits of her claims. Plaintiff's request for a restraining order or injunctive relief must be denied accordingly.

A district court may grant a preliminary injunction or temporary restraining order under two sets of circumstances. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). In the first case, a plaintiff must demonstrate: "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to plaintiff if preliminary relief is not granted, (3) a balance of hardships favoring the plaintiff, and (4) advancement of the public interest (in certain cases)." *Id.* Alternatively, a temporary restraining order or preliminary injunction is appropriate if the plaintiff demonstrates "either a combination of probable success on the merits and the

possibility of irreparable injury or that serious questions are raised and the balance of hardships tips sharply in [its] favor." *Id.* In the instant action, Plaintiff is unable to do either.

### i. Probability of Success on the Merits

Plaintiff is unable to show any probability of success on the merits and her request for injunctive relief must be denied. Plaintiff's claims cannot survive Defendants' pending Motion to Dismiss and they certainly are incapable of meeting the heightened burden required to establish a right to injunctive relief. Perhaps recognizing this fact, Plaintiff only advances one claim in her "Emergency" Motion. Plaintiff's Emergency Motion only claims that Defendants failed to comply with the Nevada Foreclosure Mediation Program, presumably by not providing the "Notice of Election or Waiver of the Right to Mediate" as alleged in Plaintiff's Complaint. (*See* Emergency Motion at ¶ 12 and Complaint at ¶ 27).

Contrary to Plaintiff's claims, On August 4, 2010, Plaintiff was served with the Notice of Election or Waiver of the Right to Mediate. (*See* Louvan Declaration at ¶ 5 and Affidavit of Mailing attached as Ex. A thereto). The Election or Waiver Form was mailed to Plaintiff at the property along with the Notice of Default and Foreclosure Mediation Frequently Asked Questions Form, among other documents. (*See Id.*). The Election or Waiver form was sent twice and in two separate mailings by United States First Class Certified Mail. (*See Id.* at ¶ 4). The United States Postal Service Certified Mail tracking numbers for the mailings were 7103-9628-5941-6673-9365 and 7103-9628-5941-6673-9464. (*See Id.*). This evidence proves that Defendants satisfied the requirement to serve the Election or Waiver Form. As such, Plaintiff is unable to show a likelihood of succeeding on her claim that Defendants violated the Foreclosure Mediation Rules and N.R.S. 107.086 by failing to provide the Election or Waiver Form. Plaintiff's request for injunctive relief should be denied accordingly.

### ii. Irreparable Injury

Plaintiff will not be irreparably harmed if her request for injunctive relief is denied. To the contrary, Defendants will be irreparably harmed if Plaintiff's request for injunctive relief is granted. If an injunction issues, Defendants will be forced to further advance monies for taxes, insurance and property preservation. These amounts will never be recouped by Defendants.

5

Plaintiff on the other hand, will only be denied the opportunity to continue living in the property for free. Plaintiff's request for injunctive relief must be denied accordingly.

### iii. Balance of Hardships

The balance of hardships favors Defendants. Plaintiff has received a financial windfall from her mortgage default and has not made a mortgage payment since 2009. Having to find housing that Plaintiff must actually pay for is hardly a hardship. Alternatively, Defendants must continue to advance costs associated with the property and expend resources to defend against this frivolous delay lawsuit filed by Plaintiff. The equities are strongly in favor of Defendants and Plaintiff will suffer no genuine hardship when the Court denies her request for injunctive relief.

### iv. Public Interest

Defendants do not believe that the public interest factor is pertinent in this analysis. If at all, the Public's interest is advanced by removing Plaintiff from the property so that a viable purchaser may make it their home. Additionally, the Public's interest is advanced by denying the relief requested, so that this unnecessary litigation is no longer occupying the Court's limited judicial resources.

### C. A Full Bond Would be Required in Any Event

Assuming *arguendo*, that Plaintiff had actually presented evidence to support her claims and succeeded in establishing her burden for injunctive relief, she would still have to post a bond. A bond is required upon issuance of a TRO or injunction in federal court. Federal Rule of Civil Procedure 65 (c) provides, "No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs or damage as may be incurred or suffered by any party found to be wrongfully enjoined or restrained."

Since Plaintiff is challenging Defendants right to obtain the security for a loan she received, Plaintiff should be required to post bond in the amount she owes on the loan or, alternatively, the amount the loan is in arrears. Pursuant to the Notice of Trustee's Sale attached as Exhibit 1 to Plaintiff's Emergency Motion, the loan has an unpaid balance of $381,984.13.

According to Ocwen's records, as of September 14, 2012 the loan was $86,133.10 in arrears.

### D. Objection to the Opinion Testimony of Edward Coleman

As a final matter, Plaintiff objects to the purported opinion testimony contained in Paragraph 8 of the Declaration of Plaintiff's Attorney Edward Coleman. Paragraph 8 of the Declaration states "in my professional *opinion*, there is a strong likelihood that (1) Plaintiff will prevail at trial….". (Coleman Decl. at ¶ 8). Such testimony is inadmissible as lay witness testimony under Federal Rule of Evidence 701. The testimony is not helpful in determining a specific fact in issue and is based on the specialized knowledge and professional experience of Coleman as a practicing attorney. Such testimony is also inadmissible as expert testimony under Federal Rule of Evidence 702. Again, it does not help the court determine a specific fact in issue, nor does the testimony set forth the facts and data upon which it is based and the reliable principles and methods from which it was derived. Defendants object accordingly.

## IV. CONCLUSION

WHEREFORE and based upon the foregoing, Defendants respectfully request that the Court deny Plaintiff's Emergency Motion for Temporary Restraining Order or Stay of All Proceedings and further requests any other relief the Court deems just and appropriate.

DATED: September 13, 2012

HOUSER & ALLISON
A Professional Corporation

/s/ Charles Tony Piccuta
Charles Tony Piccuta
Attorney for Defendants
OCWEN LOAN SERVICING, LLC, Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1, Pooling and Servicing Agreement dated as of September 1, 2005 erroneously sued as DEUTSCHE BANK NATIONAL TRUST COMPANY and/or GSAMP Trust 2005-WMC1 and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC

## CERTIFICATE OF SERVICE

I hereby certify that I am over the age of eighteen (18), that I am not a party to this action, and that on this date I caused to be served a true and correct copy of the following documents:

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR STAY OF PROCEEDINGS; DECLARATION OF BOUNLET LOUVAN IN SUPPORT THEREOF**

☒ BY ELECTRONIC MAIL—I transmitted the document(s) listed above electronically either by e-mail or by electronic filing through the CM/ECF System to the e-mail addresses listed. I am readily familiar with Microsoft Outlook's e-mail system and the United States District Court's CM/ECF System, and the transmission was reported as complete without error.

and addressed to the following:

Edward S. Coleman
Coleman Law Associates
8275 S. Eastern Avenue, Suite 200
Las Vegas, NV 89123
ecoleman@coleman41law.com

Stephanie Cooper-Herdman
The Cooper Castle Law Firm, LLP
A Multijurisdictional Firm
5275 S. Durango Drive
Las Vegas, Nevada 89113
sherdman@mac.com

Christopher Hunter
McCarthy & Holthus, LLP
9510 West Sahara Avenue, Suite 110
Las Vegas, NV 89117
chunter@mccarthyholthus.com

Jeffrey S. Allison
Houser & Allison, APC
9970 Research Drive
Irvine, CA 92618
jallison@houser-law.com

Dated: September 14, 2012

*[signature]*
An employee of HOUSER & ALLISON, APC

8