UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PHUONG TRAN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No.: 2:12-cv-01372-GMN-GWF |
| | ) |
| QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; GSAMP TRUST 2005-WMC1; WMC MORTGAGE CORPORATION; and DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) **ORDER** |
| Defendants. | ) |

This action arises from the foreclosure proceedings initiated against the property of Plaintiff Phuong Tran. Pending before the Court is Plaintiff's "Emergency Motion for Temporary Restraining Order, Alternatively for Stay of All Proceedings Pending Ruling on Currently Filed Motion for Remand" (ECF No. 19). Also before the Court is Plaintiff's Motion to Remand (ECF No. 11) and Motion to Stay (ECF No. 12).

**I.    BACKGROUND**

This action was originally filed in state court and removed to this Court on August 2, 2012 by Defendants Deutsche Bank National Trust Company ("Deutsche Bank"), Ocwen Loan Servicing, LLC ("Ocwen Loan"), GSAMP Trust 2005-WMC1 ("GSAMP"), Mortgage Electronic Registration Systems, Inc. ("MERS"), with the Joinder of Defendant Quality Loan Service Corporation ("Quality Loan") (collectively, "Defendants"). (ECF No. 1.) In the Petition for Removal, Defendants stated that upon information and belief, Defendant WMC Mortgage Corporation ("WMC Mortgage") had not been served, and appeared to be defunct. (*Id.*)

Defendants filed a Motion to Dismiss and Request to Expunge Lis Pendens (ECF No. 6), and a Joinder (ECF No. 9).  Plaintiff then filed a Motion to Remand (ECF No. 11) and a Motion to Stay (ECF No. 12).  On September 12, 2012, Plaintiff filed the instant motion (ECF No. 19), requesting temporary injunctive relief based on the Notice of Trustee's Sale posted on her door on September 6, 2012, scheduling sale of the property on September 27, 2012.

An *ex parte* TRO was originally issued in state court on July 18, 2012 (ECF No. 1-2) that required Defendants to refrain from taking any action to sell or transfer, evict or remove Plaintiff from the property.  A hearing regarding extension of the TRO was set in the state court for August 3, 2012, but was vacated when Defendants removed the action to this Court on August 2, 2012- one day prior to the hearing in state court.  Plaintiff argues that the state court TRO has not yet expired and still binds Defendants because "Plaintiffs filed the Notice of Removal ***prior to the time of its expiration***" and that it therefore "was never terminated or extinguished."[1] (Mot. for TRO, 4:1-2, ECF No. 19.)  Plaintiff requests that this Court "(1) find[] that the state court TRO is still in effect, or (2) issue[] its own TRO, or (3) stay[] all proceedings until it is able to rule on the Defendant's Motion to Remand to the state court."[2] (*Id*. at 4:24-27.)

At a hearing on September 21, 2012, the Court ordered Plaintiff to file a supplement relating to the motion to remand and ordered Defendant Quality Loan to file a supplement relating to the motion for injunction. (ECF No. 26.)  Plaintiff filed a Memorandum (ECF No. 27) on September 24, 2012, and Defendant Quality Loan filed a Notice and Supplement (ECF No. 28) on September 26, 2012, informing the Court that the foreclosure sale was postponed to October 11, 2012 at 10:00 a.m.

---

[1] It is unclear whether this sentence refers to Defendants' filing of the Petition for Removal before this Court (ECF No. 1) or to some other filing by Plaintiff in the state court docket.  In the Declaration (ECF No. 19) submitted by Plaintiff's counsel, Edward Coleman, he indicates his erroneous belief that Defendants are now plaintiffs in the action before this Court.  Therefore the Court construes this sentence to refer to Defendants' filing of the Petition for Removal before this Court (ECF No. 1).

[2] Here the Court construes this sentence to refer to Plaintiff's Motion to Remand (ECF No. 11) filed before this Court.

## II. DISCUSSION

### A. Motion to Remand

#### *1. Legal Standard*

Removal to federal court under diversity jurisdiction requires that the parties be completely diverse and that the amount in controversy exceed $75,000.00. 28 U.S.C. §§ 1332, 1441. Defendants who have been properly served must join a petition for removal, and a court may allow such a defect to be cured by the later joinder of all remaining defendants prior to the entry of judgment. 28 U.S.C. § 1441(b)(2), 1446(b).

#### *2. Analysis*

Plaintiff's Motion to Remand challenges the Court's jurisdiction based on lack of subject-matter jurisdiction and lack of diversity jurisdiction, although Defendants' removal was based solely on diversity jurisdiction. After reviewing Defendants' Petition for Removal and the parties' briefing of the Motion to Remand, the Court finds that it has diversity jurisdiction and that all Defendants are completely diverse from Plaintiff and the amount in controversy exceeds $75,000.00.

The Court is not persuaded by Plaintiff's argument that the amount in controversy is simply $18,888.95, the amount by which Plaintiff was delinquent on her mortgage at the time of the Notice of Default. Instead, because Plaintiff's Complaint seeks to prevent Defendants from acquiring the property she pledged as security when she obtained the mortgage loan, as well as compensatory damages, and punitive damages, the Court finds that the amount in controversy exceeds $75,000.00.

Also, the Court finds that Defendants properly removed this action with the joinder and consent of all properly served parties. Because there is no evidence that Defendant WMC Mortgage Corporation was ever properly served, the Court is not persuaded by Plaintiff's argument that the failure to join Defendant WMC Mortgage Corporation defeats diversity

jurisdiction.

At the September 21, 2012, hearing, Plaintiff's counsel represented for the first time that there exists a decision out of the District of Nevada supporting the motion to remand, but that he could not recall the case citation. (ECF No. 26.) The Court ordered Plaintiff's counsel to file a Supplement including the case citation which was filed on September 24, 2012 (ECF No. 27). However, in the Supplement, the only case cited from the District of Nevada is *Tran v. Bacardi*, No. 2:11-cv-00910-RCJ-LRL (D.Nev. Nov. 4, 2011), in which remand was granted only because the defendant claimed the plaintiff had asserted a federal question but the court held otherwise. Here, Defendants assert diversity jurisdiction, not federal question jurisdiction, and therefore *Tran v. Bacardi* is not applicable. Plaintiff additionally submitted an internet article, and two cases from the Fifth Circuit Court of Appeals and the Seventh Circuit Court of Appeals, respectively, which also do not support Plaintiff's motion. Accordingly, the Court will deny Plaintiff's Motion to Remand.

In the Response to the Motion to Remand, Defendants request an award of attorneys' fees, arguing that Plaintiff's Request for Remand rises to the level of bad faith litigation and intentional misrepresentation of law to the Court because "Plaintiff's grounds for remand were based on two statutes with absolutely no applicability to her Request for Remand and her ridiculous proposition that the amount in controversy was not satisfied." (Defs.' Resp. to Mot. to Remand, 8:7-10, ECF No. 14.) The Court declines to exercise its inherent authority to award attorneys' fees at this time, but will give leave to Defendants to file a separate motion for sanctions for the Court's consideration, to be accompanied by a memorandum of points and authorities as well as a declaration and bill of costs detailing the amounts requested.

**B.  Motion for Temporary Restraining Order**

*1.  Legal Standard*

The Local Rules of Practice for the District of Nevada require a motion to be supported

by a memorandum of points and authorities. D. Nev. R. 7-2(a).  "The failure of a moving party to file points and authorities in support of the motion shall constitute a consent to the denial of the motion." D. Nev. R. 7-2(d).  Furthermore, "[a]ll *ex parte* motions, applications or requests shall contain a statement showing good cause why the matter was submitted to the Court without notice to all parties." D. Nev. R. 7-5(b).  "Motions, applications or requests may be submitted *ex parte* only for compelling reasons, and not for unopposed or emergency motions." D. Nev. R. 7-5(c).

Federal Rule of Civil Procedure 65 governs both preliminary injunctions and temporary restraining orders, and requires that a motion for temporary restraining order include "specific facts in an affidavit or a verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition," as well as written certification from the movant's attorney stating "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b).

Temporary restraining orders are governed by the same standard applicable to preliminary injunctions. *See Cal. Indep. Sys. Operator Corp. v. Reliant Energy Servs., Inc.*, 181 F.Supp. 2d 1111, 1126 (E.D. Cal. 2001).  Furthermore, a temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974).

Preliminary injunctive relief requires a moving party to establish: (1) likelihood of success on the merits; (2) likelihood of irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  "Injunctive relief [is] an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22.  The Ninth Circuit has held that "'serious questions going to

the merits' and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011).

### 2. Analysis

The Court will address Plaintiff's requests in turn which are: (1) to find that the state court TRO is still in effect, (2) to issue its own TRO, or (3) to stay all proceedings until it is able to rule on the Defendant's Motion to Remand to the state court.

First, the Court recognizes that Nevada Rule of Civil Procedure 65(b), addresses temporary restraining orders which have been issued without notice by the state court, as is the case here, and provides exceptions for when those TROs may be extended:

> shall expire by its terms within such time after entry, not to exceed 15 days, as the court fixes, unless within the time so fixed the order, for good cause shown, is extended for a like period or unless the party against whom the order is directed consents that it may be extended for a longer period.

Nev. R. Civ. P. 65(b). Here, Plaintiff has not shown that the state court's temporary restraining order meets one of the exceptions above so as to extend its duration. Even if the TRO issued by the state court on June 18, 2012 was found to be extended for good cause by the timing of the Defendant's filing of the Notice of Removal on August 2 just one day prior to the scheduled August 3 hearing, NRCP 65(b) only extends the TRO for a like period of 15 days. Therefore, this Court cannot find that the state court TRO still binds Defendants to prevent the currently scheduled foreclosure sale which is now scheduled to occur on October 11, 2012 at 10:00 a.m.

Second, as discussed below, the Court finds that Plaintiff has not met her burden to show a strong likelihood of success on the merits, and has not shown serious questions going to the merits plus a hardship balance that tips sharply towards herself. Accordingly, the motion for injunction must be denied.

The documents submitted by Defendants in their Request for Judicial Notice ("RJN")

(ECF No. 7) are consistent with Plaintiff's records from the Clark County Recorder's Office. The Deed of Trust shows that MERS was designated as nominee for the Lender, WMC Mortgage. (Deed of Trust, Ex. 1 to RJN.)  Quality Loan recorded the Notice of Default as agent for the beneficiary on July 27, 2010. (Notice of Default, Ex. 2 to RJN.)  However it wasn't until later that MERS, as nominee for WMC Mortgage, signed and recorded a Substitution of Trustee in August 2010, naming Quality Loan as Trustee. (Substitution of Trustee, Ex. 3 to RJN.)

Pursuant to the representations of Defendants' counsel at the September 21, 2012, hearing, the Court ordered a Supplement to be filed (ECF No. 26), and Defendant Quality Loan did so on September 26, 2012. (ECF No. 28.)  It includes an Affidavit from Bounlet Louvan, the Foreclosure Legal Liaison for Quality Loan. (ECF No. 28-1.)  Bounlet Louvan states that Quality Loan "received a written referral to initiate a non judicial foreclosure on the Loan on or about July 26, 2010," which was "received from the servicer of the Loan, Litton Loan Servicing, LP, and authorized Quality to initially foreclose in the name of [MERS] and later to foreclose in the name of Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1." (*Id*.)  However, "[t]he written referral was not maintained in Quality's files but rather resided on an internal system maintained by Litton and accessible to Quality known as LPS." (*Id*.)  "On November 1, 2011, the servicing of the Loan was transferred to Ocwen Loan Servicing LLC," at which point "Quality's access to the LPS system was terminated," and as a result "Quality is not able to obtain a written copy of the referral." (*Id*.)

The Court notes that the representations provided in the written documentation is tenuous and problematic as it could potentially bar the granting of a motion to dismiss.  Nevertheless, for the purpose of the instant motion for a preliminary injunction, the Court finds that Bounlet Louvan's signed declaration under penalty of perjury is sufficient to support Defendants' claim that Quality Loan filed the Notice of Default pursuant to the authorization of Litton Loan who was authorized to act on behalf of the beneficiary.

In November 2010, a Certificate from the State of Nevada Foreclosure Mediation Program was recorded naming Quality Loan as Trustee and indicating that no request for mediation was made or that mediation was waived, and therefore, the beneficiary could proceed with the foreclosure process. (Certificate of Mediation, Ex. 4 to RJN.)  In April 2010, Quality Loan recorded a Notice of Trustee's Sale, and then again in April 2012. (Notices of Trustee's Sale, Exs. 5, 6 to RJN.)  In May 2012, MERS recorded an Assignment to Deutsche Bank on behalf of WMC Mortgage. (Assignment, Ex. 7 to RJN.)

As of July 1, 2009, a Notice of Default such as the one here must include a "form upon which the grantor or the person who holds the title of record may indicate an election to enter into mediation or to waive mediation." *See* NRS 107.086(2)(a)(3).  The Notice of Default must be served upon the Mediation Administrator. NRS 107.086(2)(b).  Failure to comply with these requirements bars the trustee from exercising a power of sale pursuant to NRS 107.080. NRS 107.086(2).

In a signed declaration under penalty of perjury, Bounlet Louvan stated that Quality Loan's records included an affidavit of mailing for the required notice of foreclosure mediation and accompanying forms. (ECF No. 21-1.)  For the purpose of the instant motion, the Court accepts Defense counsel's representations at the September 21, 2012, hearing as supported by the sworn statements of Bounlet Louvan that the Notice of Default complied with the requirements of NRS 107.086, properly notifying Plaintiff of her right to foreclosure mediation. Accordingly, the Court finds that Plaintiff has not met her burden to show likelihood of success on the merits or serious questions going to the merits, and Plaintiff's request for injunction will therefore be denied.

Third and finally, because the Court finds that it has diversity jurisdiction and Plaintiff's Motion to Remand will be denied, the Court finds that Plaintiff's Motion to Stay is moot.
/ / /

### III. CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Remand (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion to Stay (ECF No. 12) is **DENIED as moot.**

**IT IS FURTHER ORDERED** that the Emergency Motion for Temporary Restraining Order, Alternatively for Stay of All Proceedings Pending Ruling on Currently Filed Motion for Remand (ECF No. 19) is **DENIED.**

**DATED** this 4th day of October, 2012.

_____
Gloria M. Navarro
United States District Judge