# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| PHUONG TRAN, | ) |
|         Plaintiff, | ) Case No.: 2:12-cv-01372-GMN-GWF |
| vs. | ) |
| | ) **ORDER** |
| QUALITY LOAN SERVICE CORPORATION; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.; OCWEN LOAN SERVICING, LLC; GSAMP TRUST 2005-WMC1; WMC MORTGAGE CORPORATION; and DEUTSCHE BANK NATIONAL TRUST COMPANY, | ) |
|         Defendants. | ) |

This action arises from the foreclosure proceedings initiated against the property of Plaintiff Phuong Tran. Before the Court is the Motion to Dismiss (ECF No. 6) and Joinder (ECF No. 9) filed by Defendants Ocwen Loan Servicing, LLC ("Ocwen"); Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1, Pooling and Servicing Agreement dated as of September 1, 2005 erroneously sued as Deutsche Bank National Trust Company and/or GSAMP Trust 2005-WMC1 ("Deutsche Bank"); Mortgage Electronic Registration Systems, Inc. ("MERS"); and Quality Loan Service Corporation ("Quality Loan") (collectively, "Defendants"). Plaintiff has not filed an opposition to the motion.

**I.     BACKGROUND**

This action was originally filed in state court and removed to this Court on August 2, 2012. (ECF No. 1.)[1] On September 21, 2012, the Court held a motion hearing for Plaintiff's

---

[1] To date, Plaintiff has not filed proof of service for Defendant WMC Mortgage Corporation, and as noted in the Court's October 4, 2012, Order (ECF No. 29), this entity appears to be defunct.

Motion to Remand (ECF No. 11), Motion to Stay (ECF No. 12), and Motion for Temporary Restraining Order (ECF No. 19), and ordered Defendant Quality Loan to file a supplementary brief relating to Quality Loan's authority to initiate non-judicial foreclosure proceedings. (Mins. of Proceedings, ECF No. 26.) Quality Loan filed its Supplement on September 26, 2012, which includes an Affidavit from Bounlet Louvan, the Foreclosure Legal Liaison for Quality Loan. (ECF No. 28.) On October 4, 2012, the Court entered its Order denying the Motion to Remand, Motion to Stay, and Motion for Temporary Restraining Order. (Order, Oct. 4, 2012, ECF No. 29.)

In her Complaint, Plaintiff alleges violations of Nevada's non-judicial foreclosure statute, Chapter 107 of Nevada Revised Statutes, breach of the covenant of good faith and fair dealing relating to the Deed of Trust on the property, and requests declaratory relief relating to the Notice of Default and her obligations under the Deed of Trust and mortgage loan.

## II.     LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action

with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Prolix, confusing complaints" should be dismissed because "they impose unfair burdens on litigants and judges." *McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir.1996).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion . . . . However, material which is properly submitted as part of the complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citations omitted). Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986). Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See* Fed. R. Civ. P. 12(d); *Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

If the court grants a motion to dismiss, it must then decide whether to grant leave to amend. Pursuant to Rule 15(a), the court should "freely" give leave to amend "when justice so

requires," and in the absence of a reason such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to amend is only denied when it is clear that the deficiencies of the complaint cannot be cured by amendment. *See DeSoto v. Yellow Freight Sys., Inc*., 957 F.2d 655, 658 (9th Cir. 1992).

### III.     DISCUSSION

As discussed in the Court's previous order, the documents submitted by Defendants in their Request for Judicial Notice ("RJN") (ECF No. 7) are consistent with Plaintiff's records from the Clark County Recorder's Office.  The Deed of Trust shows that MERS was designated as beneficiary solely as nominee for the Lender, WMC Mortgage Corp., and that the Trustee was Westwood Associates. (Deed of Trust, Ex. 1 to RJN.)  Quality Loan, acting through LSI Title Agency, Inc., recorded the Notice of Default as agent for the beneficiary on July 27, 2010. (Notice of Default, Ex. 2 to RJN.)  However it wasn't until later that MERS, as nominee for WMC Mortgage, signed and recorded a Substitution of Trustee in August 2010, naming Quality Loan as Trustee. (Substitution of Trustee, Ex. 3 to RJN.)

The Affidavit from Bounlet Louvan states that Quality Loan "received a written referral to initiate a non judicial foreclosure on the Loan on or about July 26, 2010," which was "received from the servicer of the Loan, Litton Loan Servicing, LP, and authorized Quality to initially foreclose in the name of [MERS] and later to foreclose in the name of Deutsche Bank National Trust Company, as Trustee for GSAMP Trust 2005-WMC1." (ECF No. 28-1.) However, "[t]he written referral was not maintained in Quality's files but rather resided on an internal system maintained by Litton and accessible to Quality known as LPS." (*Id*.)  "On November 1, 2011, the servicing of the Loan was transferred to Ocwen Loan Servicing LLC," at which point "Quality's access to the LPS system was terminated," and as a result "Quality is

not able to obtain a written copy of the referral." (*Id*.)

The Court finds that this is sufficient factual basis to support a valid cause of action to void any sale of the property pursuant to section 107.080(5) because of an invalid Notice of Default. However, Plaintiff has not plead such a cause of action, and if Plaintiff intended to do so in her Complaint, the Court finds that she has failed to satisfy the pleading requirements of Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. This is particularly so because Plaintiff has not alleged that a sale has occurred as of this time. The Court recognizes that the Notice submitted by Quality Loan represents that a sale was postponed to October 11, 2012. (Notice, ECF No. 28.) The Court has not been notified of subsequent events. Accordingly, to the extent Plaintiff wishes to plead a cause of action under section 107.080(5) of Nevada Revised Statutes, the Court will give Plaintiff leave to amend.

As for Plaintiff's allegations to support declaratory relief, the Court finds that Plaintiff has failed to allege sufficient facts to show that she is entitled to declaratory relief. The documents presented to the Court show that a declaration of rights and obligations as to the Deed of Trust would not resolve any controversies. This is particularly so because the Assignment that was recorded May 17, 2012, describes a transfer of the beneficial interest in the Deed of Trust to Deutsche Bank, as beneficiary, as of May 8, 2012. (Ex. 7 to RJN.) Accordingly, the beneficiary entitled to enforce Plaintiff's obligations under the mortgage loan and the Deed of Trust is known, and requires no declaration from this Court. Also, as Quality Loan points out in its motion, registration with the Nevada Secretary of State is not a bar to any of Defendants' actions in relation to Chapter 107 of Nevada Revised Statutes. Accordingly, Plaintiff's causes of action for declaratory relief are dismissed.

As for Plaintiff's cause of action for breach of the covenant of good faith and fair dealing, the Court finds that Plaintiff has failed to sufficiently allege the basis for her claim, particularly where Plaintiff has not specified which contract's implied covenant has been

breached.  To the extent that Plaintiff is alleging a cause of action under the Deed of Trust, the Court notes that generally, lenders owe no fiduciary obligations to borrowers absent exceptional circumstances.  Furthermore, it is not clear from the Complaint whether Plaintiff is alleging a cause of action for contractual breach of the covenant of good faith and fair dealing, or for tortious breach of the covenant of good faith and fair dealing.  Accordingly, the Court must dismiss this cause of action for failure to satisfy the pleading requirements of Rule 8(a) and Rule 12(b)(6) of the Federal Rules of Civil Procedure, but will give Plaintiff leave to amend if she can cure the deficiencies.

Because the Court is giving Plaintiff leave to amend, the Court will deny Defendants' request to expunge the lis pendens at this time.

### IV.     CONCLUSION

**IT IS HEREBY ORDERED** that the Motion to Dismiss (ECF No. 6) is **GRANTED**. Plaintiff's Complaint is **DISMISSED without prejudice**.  Plaintiff is given leave to file an amended complaint by **Monday, April 15, 2013**.  Failure to do so by this deadline will result in dismissal of the action with prejudice.

**DATED** this 29th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge